J. S21042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CHRISTINA REGES, : No. 1776 WDA 2017
:
Appellant :


Appeal from the Judgment of Sentence, August 15, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-SA-0001030-2017


BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 22, 2018**

Christina Reges appeals **pro se** from the August 15, 2017 judgment of sentence entered in the Court of Common Pleas of Allegheny County after the trial court dismissed her summary appeal with respect to her conviction for driving without a license[1] due to appellant's failure to appear at the summary appeal hearing and imposed a $200 fine, plus costs. We affirm.

The certified record before us reflects that on April 27, 2017, a magisterial district judge found appellant guilty of driving without a license. The trial court then granted appellant's petition to proceed **in forma pauperis** on summary appeal. Thereafter, the trial court dismissed appellant's summary appeal due to appellant's failure to appear at the

---

[1] 75 Pa.C.S.A. § 1501(a).

August 15, 2017 summary appeal hearing and imposed a $200 fine, plus costs.

On November 14, 2017, appellant filed a *pro se* petition to appeal *nunc pro tunc* wherein she stated that her appeal was not timely filed because she "work[s] late night plus moveing [sic]" and that she "didn't know about this fileing [sic] intell [sic] a office [sic] told me to come down and file." (Appellant's petition to file appeal *nunc pro tunc*, 11/14/17.) On November 16, 2017, the trial court granted appellant's petition to appeal *nunc pro tunc*.

On November 28, 2017, appellant filed a *pro se* notice of appeal to this court. On December 6, 2017, this court entered an order granting appellant's application for leave to proceed *in forma pauperis*. The trial court did not order appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court did, however, file a short opinion stating that it entered judgment of sentence against appellant after it dismissed her summary appeal due to appellant's failure to appear at the summary appeal hearing and further noted that appellant "did not contact the [c]ourt in any manner, on the day of her scheduled trial." (Trial court opinion, 12/11/17.)

At the outset, we note that appellant's brief to this court does not conform in all material respects with the requirements of Chapter 21 of the Rules of Appellate Procedure. Although appellant's brief contains a

statement of jurisdiction, the statement merely states that this court has jurisdiction over this appeal because it "emanates from a final order." (Appellant's brief at unnumbered page 2.) Appellant's brief also contains a section titled "orders in question," but that section fails to set forth the order on appeal. Appellant's brief fails to include a statement of both the scope and standard of review. Appellant's brief does include a section titled "statement of the case," which section merely states that appellant "got a petition to file appeal nunc pro [sic]" to this court. Appellant's summary of the argument contains three sentences in which appellant summarizes her responsibilities as a single mother of two children. (*Id.*) In her one-and-one-half page argument, appellant again sets forth her responsibilities as a single mother and further states that appellant "needs to have the ability to drive as a mother who takes her children everywhere whether its [sic] school or after school activities." (*Id.* at unnumbered page 3.) Finally, in her short conclusion, appellant requests that this court "carefully review my request under my circumstances considering granting renewal of my divers [sic] license as stated in Argument 1501." (Appellant's brief at unnumbered page 4.)

It is well settled that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009)

(citations omitted). Consequently, appellant waives her claims on appeal. Even if not waived, however, we note that Section 1501(a) provides that "[n]o person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter." 75 Pa.C.S.A. § 1501(a). The statute further provides that:

> No person charged with violating [Section 1501(a)] shall be convicted if the person produces at the office of the issuing authority within 15 days of the violation:
>
> (1)  a driver's license valid in this Commonwealth at the time of the violation; or
>
> (2)  if the driver's license is lost, stolen, destroyed or illegible, evidence that the driver was licensed at the time of the violation.

Pa.C.S.A. § 1701(d).

Here, nothing in the certified record demonstrates that appellant produced a valid driver's license or evidence that she was licensed at the time of the violation within 15 days of that violation. Indeed, appellant has not and does not contend that she possessed a valid driver's license on the date on which she committed her summary offense. As such, the magisterial district judge properly convicted appellant of driving without a license, and the trial court properly dismissed her summary appeal of that conviction when she failed to appear. Therefore, even if appellant did not

- 4 -

waive her issues on appeal for failing to submit a brief capable of meaningful appellate review, no relief would be due.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2018